[S. F. No. 9311. In Bank.—January 30, 1922.]

## JOHN OLSEN, Respondent, v. STANDARD OIL COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—CONFLICT OF EVIDENCE—APPEAL.—The verdict of the jury in an action for personal injuries cannot be disturbed on the ground that the evidence for the defendant is of greater force or weight than that for the plaintiff, where it is in substantial conflict on all the material facts in dispute.

[2] ID.—COLLISION BETWEEN MOTORCYCLE AND TRUCK — VERDICT — SUFFICIENCY OF EVIDENCE.—In an action for personal injuries resulting from a collision between a motorcycle and a motor-truck at a street intersection, the verdict both with regard to the negligence of the defendant and the contributory negligence of the plaintiff is sufficiently supported by the testimony of the plaintiff, corroborated by his sister, that he was traveling at a lawful speed, not exceeding thirteen or fourteen miles per hour, in approaching and entering upon the crossing; that he saw the truck as he approached and as it was entering the intersection; that the driver gave no notice or other sign indicating his intention to stop, and

that he intended to pass the intersection to the rear of the truck and would have done so if the truck had continued on its course and not suddenly stopped without warning when he was so near to it that he was unable to avoid the collision.

[3] ID.—SPECIAL FINDING—GIVING OF STOP SIGNAL—WANT OF INCONSISTENCY WITH GENERAL VERDICT.—A special finding in an action for personal injuries resulting from a collision between a motorcycle and a motor-truck that the plaintiff would have collided with the truck regardless of whether the operator gave an audible and visible stop signal is not necessarily inconsistent with a general verdict for the plaintiff, even if the finding be subject to the interpretation that such signal was given, since the jury may have concluded that it was given too late.

[4] ID. — SPECIAL FINDING — CONSTRUCTION. — A special finding must always be construed so as to be in harmony with the general verdict if such construction is reasonably possible.

[5] ID.—PRESUMPTION AS EVIDENCE—INSTRUCTION.—An instruction in an action for personal injuries resulting from a collision of motor vehicles that the presumption is that the plaintiff was traveling at a lawful rate of speed and on the proper side of the highway at all times, and that presumption is controlling until it is overcome by satisfactory evidence, is a correct statement of the law.

[6] ID.—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF—INSTRUCTION. An instruction that contributory negligence is an affirmative defense which the defendant must prove by a preponderance of the evidence is not subject to the construction that only the evidence which could be considered in deciding the question was the evidence produced by the defendant, where the jury was also instructed to take into consideration all the evidence in the case in determining the weight thereof.

[7] ID.—DIRECT AND PROXIMATE CAUSE OF INJURY—INSTRUCTION.—An instruction that contributory negligence is not a defense unless it appears from the evidence that such negligence directly and proximately contributes to the accident is not a sufficient ground for reversal of the judgment, in view of section 4½ of article VI of the constitution, even if it fails, by the addition of the word "directly" to the word "proximately," to precisely state the causal relation between the negligent act and the injury.

[8] ID.—MISCONDUCT OF ATTORNEY—REMARKS TO JURY—ABSENCE OF INSTRUCTION TO DISREGARD—INSUFFICIENT GROUND OF REVERSAL. Misconduct of plaintiff's attorney in an action for personal injuries in making references in his argument to the jury as to the wealth of the defendant and the poverty of the plaintiff is not a ground for reversal, where the defendant's attorneys in objecting to the remarks failed to request the court to, instruct the jury to disregard them.

APPEAL from a judgment of the Superior Court of Humboldt County.   Denver Sevier, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. C. Nelson and Redman & Alexander for Appellant.

Pierce H. Ryan for Respondent.

SHAW, C. J.—The defendant appeals from a judgment in favor of the plaintiff.

The cause of action was for damages alleged to have been caused by the negligence of the defendant, resulting from a collision between the plaintiff, who was riding on a motorcycle, and a truck belonging to the defendant, driven by one of its servants, at the intersection of D Street and Sixth Street, in the city of Eureka.   D. Street runs north and south; Sixth Street runs east and west.   Plaintiff was going east on Sixth Street toward D Street.   The truck, going north on D Street toward Sixth Street, reached the intersection first.   It was traveling on the driver's left-hand side of the center line of D Street, contrary to law.   The truck was twenty-one feet long and weighed over nine thousand pounds.   When the front end of the truck was a few feet north of the center line of Sixth Street, on the intersection, it suddenly stopped.   The complaint alleged that the driver gave no signal of his intention to stop.   The plaintiff was going at a speed of about thirteen or fourteen miles an hour and was expecting to pass to the rear of the truck in crossing the intersection.   The motorcycle struck the truck immediately in front of the rear wheel about seven feet from the rear end thereof.   The plaintiff's contention is that the collision was caused by the negligence of the truck driver in suddenly stopping the truck without giving any adequate signal of his intention to do so.   The defendant contends that it was caused by the plaintiff's contributory negligence in traveling along the street at an unlawful rate of speed, and also in approaching the truck, at a speed so fast that he would be unable to stop it or turn it in time to avoid the collision, in case it had suddenly stopped without warning.

[1] The general verdict of the jury must have been based on the conclusion of the jury from the evidence that

the defendant's truck driver was guilty of negligence as claimed by plaintiff and that the plaintiff was not guilty of negligence proximately contributing to the accident. The evidence on all the material facts in dispute is in substantial conflict. We cannot disturb the verdict on the ground that the evidence for the defendant is of greater force or weight than that for the plaintiff.

This renders it unnecessary to consider at all the parts of the argument for the defendant based on statements in the testimony favorable to the defendant but inconsistent with evidence on the same point favorable to the plaintiff. Every fact in favor of the plaintiff which is supported by substantial evidence tending to prove it must be taken as true.

[2] The defendant contends that there is no evidence that the defendant was guilty of negligence, or that the plaintiff was free from contributory negligence. Plaintiff testified that he was traveling at a lawful speed, not exceeding thirteen or fourteen miles per hour, in approaching and entering upon the crossing; that he saw the truck as he approached and as it was entering the intersection; that the driver gave no motion or other sign indicating his intention to stop; that he intended to pass the intersection to the rear of the truck and would have done so if the truck had continued on its course, but that the truck suddenly stopped without warning when he was so near to it that he was unable to stop his motorcycle or turn the same to avoid a collision, and that the collision was caused by this sudden stopping of the truck. In this he was corroborated by his sister, Alice Olsen, who was riding behind him on the motorcycle at the time. This evidence is sufficient to support the verdict both with regard to the negligence of the defendant and the contributory negligence of the plaintiff. All the other evidence on the subject merely made it a question for the jury to determine the facts and its verdict is conclusive on this subject.

[3] Particular questions of fact were put to the jury and were answered by them. Thereby they found (1) that the plaintiff, in the exercise of ordinary care, could not have avoided the collision; (2) that the plaintiff would have collided with the truck regardless of whether the driver of the truck had or had not given a stop signal; (3) that at

the time of the collision the truck was not moving; (4) that the plaintiff was not going in excess of fifteen miles an hour in approaching the intersection and at the time of the collision; and (5) that the plaintiff was traveling on his right-hand side of the street; that is, on the south of the center line of Sixth Street.

The second question and answer aforesaid were as follows: "Would plaintiff have collided with said motor-truck and sustained the injury complained of regardless of whether the operator of said motor-truck had or had not given any warning or audible or visible signal of his intention to stop said truck?" Answer: "Yes."

Defendant claims that this answer was in effect a finding that the truck driver did give an audible and visible signal of his intention to stop, and that it is inconsistent with any finding of the jury that the defendant's truck driver was negligent. [4] A special finding must always be construed so as to be in harmony with the general verdict if such construction is reasonably possible. The defendant interprets this finding to mean that the truck driver gave an audible and visible stop signal. Even if this be so, it is not necessarily inconsistent with the general verdict. The jury may have concluded that the signal was given too late to enable the plaintiff to operate his motorcycle so as to avoid the collision. In that event the truck driver would be guilty of negligence proximately causing the collision and the plaintiff would not necessarily have been guilty of contributory negligence. The statute requiring such warning to be given implies that it shall be given at such a time and in such a manner as to be of some use to other persons. If it is not so given it will not constitute the "plainly visible and audible signal" to others likely to be affected by the intended stop that the statute requires. If the jury believed it was given too late it might well have found that the collision would have occurred regardless of the giving of the signal. The form of the question gave the jury no opportunity to find directly upon the question whether it was or was not given. We cannot say, therefore, that this special finding is contrary to the general verdict.

Instruction 20 was as follows:

[5] "The presumption is that every man obeys the law and the presumption in this case is that the plaintiff was

traveling at a lawful rate of speed and on the proper side of the highway at all times. This presumption is in itself a species of evidence and it shall prevail and control your deliberations until and unless it is overcome by satisfactory evidence.''

The defendant claims that this is erroneous. We think it is correct. The rule that contributory negligence of the plaintiff must be alleged in the answer, or it will not be available to the defendant as a defense, is based on this presumption. So, also, is the rule that the burden of proving it by a preponderance of the evidence is on the defendant. The code expressly declares that this presumption is disputable, that it ''may be controverted by other *evidence*,'' and that unless so controverted the jury is bound to find in accordance with it. (Code Civ. Proc., secs. 1961, 1963, subds. 1, 33.) The instruction is, therefore, strictly in accordance with the code on the subject.

[6] The defendant criticises the instruction that the contributory negligence was an affirmative defense which the defendant must prove by a preponderance of the evidence. That it is so is not disputed. The argument apparently assumes that the jury must have understood it to mean that in deciding the question they could consider only the evidence introduced by the defendant and that evidence produced by the plaintiff tending to show contributory negligence could not be considered. There was nothing in the instruction on the subject that could be so understood. The court instructed the jury to take into consideration all the evidence in the case, and ''consider it all together, and determine from all the evidence in the case and from all the circumstances proven on the trial, as to the weight of the evidence, and return a verdict accordingly.'' In view of this instruction it cannot be supposed that the jury could have misunderstood the instruction criticised.

[7] The court further instructed the jury that contributory negligence was not a defense ''unless it also appears from the evidence that such negligence of plaintiff, if any, directly and proximately contributed to the accident.'' Defendant criticises this instruction on the ground that it adds the word ''directly'' to the word ''proximately.'' It contends that it is only necessary for the defendant to show that the plaintiff's negligence contributed ''proximately'' to

the accident. The court throughout the instructions on the subject used the phrase "direct and proximate cause" in describing the necessary relation between the negligence proven and the injury. This occurs in the instruction regarding the negligence of the defendant, as well as in that regarding the contributory negligence of the plaintiff. While it may be that the word "directly," in that connection, if taken in some of its meanings, may not accurately describe the idea that the negligence charged and proven must be the proximate cause of the accident, and that it might be advisable, for that reason, not to use it, yet it has a meaning in strict harmony with the word "proximately." The word "proximately" is defined as "that which in ordinary natural sequence produces a specific result, no independent disturbing agency intervening." The word "directly" is defined as follows: "in a direct way, without anything intervening, not by secondary but by direct means." (Webster's Dictionary.) The respective definitions are almost identical and it is not reasonable to suppose that the jury would perceive the difference, when used in the connection in which they appear in the instruction. There is nothing in the character of the evidence which indicates that the jury had any difficulty in the matter. The first special finding was that the plaintiff could not, even by the exercise of ordinary care, have avoided the collision. Consequently, under section 4½, article VI, of the constitution, this instruction would not justify a reversal of the judgment, even if it failed to precisely state the causal relation between the negligent act and the injury.

[8] The defendant complains of the misconduct of plaintiff's attorney. The misconduct consisted of references by the plaintiff's attorney in his argument to the jury to the vast wealth of the defendant and the poverty of the plaintiff. These remarks of the plaintiff's attorney were all based on the assumption stated in the argument that the truck driver was guilty of the negligence which caused the accident, and that defendant was clearly responsible for the plaintiff's injuries, and that the plaintiff should not bear all the burden thereof. Defendant's attorneys objected to the remarks but did not ask the court to instruct the jury to disregard them. This, of itself, is a sufficient answer to the point. (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345 [12

A. L. R. 1007, 184 Pac. 672, 682] ; *People* v. *Shears,* 133 Cal. 154, 159 [65 Pac. 295] ; *People* v. *Babcock,* 160 Cal. 537, 545 [117 Pac. 549].)

We find no errors sufficient to authorize a reversal.

The judgment is affirmed.

Lennon, J., Shurtleff, J., Lawlor, J., Sloane, J., and Wilbur, J., concurred.

Rehearing denied.

All the Justices concurred.