[Civ. No. 6893. First Appellate District, Division One.—December 2, 1929.]

WILLIAM CROCKETT, Respondent, v. S. W. DOWLING, Appellant.

Griffith R. Williams and George Allan Smith for Appellant.

Rittenhouse & Snyder for Respondent.

THE COURT.—An appeal by the defendant from a judgment entered against him in an action to recover damages for personal injuries alleged to have been caused by his negligence. The injuries followed a collision in the city of Santa Cruz between two automobiles driven by the respective parties to the action. The defendant denied that the injuries and damage complained of were due to his negligence, and pleaded contributory negligence on the part of plaintiff. The action was tried before a jury, which rendered a verdict for the plaintiff. As grounds for reversal it is contended that the conduct of plaintiff's counsel in connection with the giving of certain testimony by the plaintiff constituted prejudicial misconduct, and that the court instructed the jury erroneously.

In the course of the direct examination of plaintiff the following occurred: "(Direct Examination by Mr. Snyder): Q. Mr. Crockett, following this collision which you testified to yesterday, was there any conversation had between you and Dr. Dowling at the time of the accident or afterwards? In referring to this conversation I will ask you to first specify, as nearly as you can, where it was had, and also whether any persons were present besides yourself and Dr. Dowling? A. Well, he came to the house that evening four days after. Q. That would be February 8, 1927? A. Yes, I believe it was about—I think it was about four days—I wouldn't say positively, but around about that time; and he asked me there in the house—there were Mrs. Crockett and the doctor and myself—he asked me if I put on my brake, and I told him no, and he said he was thinking about running in front of me, and then he thought he might get rammed in the center. Mr. Snyder: I think that is all. The witness (continuing): And he said further he would write to his company and tell them that it was an unavoidable accident, and he said 'I have paid out

thousands of dollars for insurance to be protected.' Mr. Wyckoff: I assign counsel's bringing that out as misconduct, and prejudicial error. Mr. Snyder: May it please your Honor, your Honor will notice that I said 'that is all' and was waiting for the cross-examination. There is no misconduct there. Mr. Wyckoff: I will assign it anyway.''

■ The record discloses no evidence that plaintiff's counsel suggested or intended to elicit the immaterial portions of plaintiff's testimony. No request that the same be stricken out was made by the defendant, nor did he request the court then or thereafter to instruct the jury to disregard it. Under similar circumstances it has been held that alleged misconduct was not ground for reversal, if an admonition to the jury would have removed the effect thereof. (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345 [12 A. L. R. 1007, 184 Pac. 672]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393].) We cannot say that such an admonition would have been ignored by the jury, nor was the question of negligence so close or the amount of the verdict such as would raise the presumption that the verdict was influenced by this testimony or based upon prejudice or passion.

■ The following instruction was given at plaintiff's request: ''You are instructed that it is sufficient for the plaintiff to show by the evidence in the first instance that the injury resulted from the negligence of the defendant, and the plaintiff need not show a want of contributory negligence on his part; contributory negligence is an affirmative defense to be established by the defendant, unless the evidence on the part of the plaintiff shows contributory negligence on his part; and in order to defeat a recovery by the plaintiff where the evidence shows that the injuries complained of by plaintiff were proximately caused by the negligence of the defendant, the defendant must affirmatively show that the negligence of the plaintiff directly or proximately contributed to the cause of the injury.'' Defendant contends that in order to defeat a recovery by the plaintiff he was not required to prove that the plaintiff's negligence directly and proximately contributed to cause the injury, but that it was sufficient to show that his negligence proximately contributed thereto. While such is the

rule (*Merrill* v. *Los Angeles Gas etc. Co.*, 158 Cal. 499 [139 Am. St. Rep. 134, 31 L. R. A. (N. S.) 559, 111 Pac. 534]; *Dowd* v. *Atlas Taxicab Co.*, 69 Cal. App. 9, 15 [230 Pac. 958]), it has nevertheless been held that an instruction that contributory negligence was not a defense unless it also appeared from the evidence that such negligence of the plaintiff, if any, directly and proximately contributed to the accident, was not a sufficient ground for a reversal of the judgment in view of section 4½ of article VI of the Constitution, even if the instruction failed by the addition of the word "directly" to the word "proximately" to state precisely the causal relation between the negligent act and the injury (*Olsen* v. *Standard Oil Co.*, *supra*).

■ Moreover, the misleading effect of the instruction, if any, was overcome by the following instruction which was given at the request of the defendant: "As to the defense of the contributory negligence of the plaintiff, I instruct you that if you believe from the evidence that the plaintiff was negligent in the operation of his car and that his negligence was a contributing cause of the collision and consequent injury, he cannot recover. It is not necessary to this defense that the negligence of plaintiff should be the sole cause of the accident. It is sufficient if it was a contributing cause. So that if you find that the defendant was negligent, and plaintiff was also negligent, and that plaintiff's negligence was one of the contributing causes of the collision, then plaintiff cannot recover. Neither are you permitted, if you find both parties were negligent, to base your decision upon which was the more negligent. If you find that the plaintiff was negligent in the operation of his car and that his negligence contributed to the accident in however small a degree, he cannot recover."

After an examination of the entire record, including the evidence, we are satisfied that the verdict of the jury was fully sustained and that no error appears which would justify a reversal of the judgment. The judgment is affirmed.

Knight, J., deeming himself disqualified, did not participate in the decision.