[Civ. No. 7253. Second Appellate District, Division One.—August 18, 1932.]

BELLE M. WILSON, Respondent, v. CALIFORNIA CAB COMPANY (a Co-operative Business Association) et al., Appellants.

B. P. Gibbs, Libby & Sherwin and M. Tellefson for Appellants.

Freston & Files, John P. McGinley and Ralph E. Lewis for Respondent.

YORK, J.—Appeal from a judgment awarding damages to plaintiff for the death of her husband caused by the alleged negligence of defendants.

The decedent was walking from north to south in a safety zone across Hollywood Boulevard at the intersection of Wilcox Avenue in the city of Los Angeles, when he was struck by a taxicab owned by defendant Vincent and coming from the east, while operated by defendant Mider. Decedent thereby received injuries which later resulted in his death.

From a judgment for the sum of $9,500 based upon verdict of the jury, the defendants appeal on the grounds that (1) the evidence does not justify the verdict in that

(a) the evidence shows no negligence on the part of the defendant proximately causing the accident; (b) that the evidence clearly shows that the accident was due to the negligence of the decedent proximately contributing thereto; (2) that the court erred in its instructions to the jury; (3) that the court erred in denying a motion for a mistrial because of misconduct of the jury; and (4) that the court erred in denying defendants' motion for a new trial.

It is clear from the evidence that the decedent was attempting to cross Hollywood Boulevard from the north to the south side thereof within the safety zone extending across that street parallel with the westerly boundary line of Wilcox Avenue; that he had proceeded to a point south of the center line of Hollywood Boulevard within the said safety zone; that as he stepped off the curb he had looked to his left (the east), and when he reached the center of the street he had then looked to his right (the west); that the taxicab which struck him was proceeding west on Hollywood Boulevard, and when it reached the intersection referred to, it veered to the south, cutting into the south half of the street, where the decedent then was walking.

There is attached to and made a part of the record presented to this court, exhibit No. 1, this being a copy of a map of the intersection of the two streets where the accident occurred, which was used at the trial and marked by the various witnesses as they gave their testimony and at the beginning of the trial had been stipulated to as being correct. This map shows the street-car tracks on Hollywood Boulevard, and shows the course of the taxicab as it proceeded through the intersection, as testified to by the two witnesses Moehring and Newton, who were occupants of another car approaching the intersection from the west and which was within ten feet of the taxicab at the time of the accident. By these two witnesses the course of the cab is shown to have been west in the usual line of traffic on Hollywood Boulevard until it reached the intersection of Hollywood with Wilcox Avenue, when it veered to the south or left-hand side of the street, crossed the car tracks on the north half of Hollywood Boulevard and continued southerly over the center line of the street

to and upon the car tracks upon the southerly half of the street, and then turned to the northwest, apparently to avoid hitting the car of the witnesses Moehring and Newton, and in so doing collided with the decedent. This evidence clearly shows that the decedent had passed the center of the street, and was crossing the car tracks on the south half of the street, and that the taxicab was proceeding westerly on the wrong side of the street.

With this in mind, we are not prepared to say as a matter of law that the evidence shows no negligence on the part of the defendants which proximately caused the accident, nor that there was any negligence on the part of the decedent which contributed to the accident. On the contrary, we believe the jury was completely justified in returning its verdict.

The trial court committed no error in the instructions given and committed no error in refusing to give the instructions requested by appellants.

Appellants contend that the court erred in denying defendants' motion for mistrial and also defendants' motion for a new trial on the ground of misconduct of the jury in that they discussed the case before it was finally submitted to them. During a five-minute recess, after all the evidence was in and both parties had rested, a number of jurors were noticed grouped around the map (to which reference has heretofore been made in this opinion), and to which they were pointing or measuring with a ruler, at the same time conversing among themselves. No one heard what was said by the jurors, and the map had been admitted in evidence and its correctness had been stipulated to. Assuming that this was a technical violation of the court's instruction to the jury not to discuss the case until it was finally submitted to them, it is not shown that it could have been prejudicial to the appellants.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.