[L. A. No. 14118.   In Bank.—September 26, 1933.]

BERTHA L. WARD, Respondent, v. W. P. READ, Appellant.

LEONTINE MATHEWS et al., Respondents, v. W. P. READ, Appellant.

George H. Moore for Appellant.

Sarau & Thompson and H. C. Ellis for Respondents.

THOMPSON, J.—Two actions were instituted against the defendant for damages arising out of a collision between an automobile driven by him and one operated by the plaintiff Robert E. Mathews, and owned by plaintiff Bertha L. Ward, the first action being by the plaintiff just named to recover for injuries to herself and damage to her automobile, and the second by the other occupants of the machine, all of whom were related to Mrs. Ward, to recover for injuries to themselves as follows:

| | |
|---|---|
| Leontine Mathews, a daughter, | $15,000, |
| Evelyn E. Mathews, daughter-in-law, | $10,000, |
| Robert E. Mathews, son, | $15,000, |
| John Edward Mathews, grandson, | $ 5,000. |

The defendant not only answered but filed a cross-complaint against Bertha L. Ward and Robert E. Mathews, by which he sought to recover damages to his automobile.

The causes were consolidated for trial and verdicts returned in favor of the plaintiffs as follows:

| | |
|---|---|
| Bertha L. Ward, | $3,000, |
| Leontine Mathews, | $1,000, |
| Evelyn E. Mathews, | $ 500, |
| Robert E. Mathews, | $10,000. |

Nothing was awarded the grandson. From separate judgments entered upon the verdicts the defendant prosecutes these appeals.

The accident occurred on the morning of October 25, 1930, at about 6:10 o'clock on a highway in the county of Riverside. The plaintiffs were traveling in a westerly direction toward the city of Riverside and the defendant was driving easterly. The two machines collided at a point where the highway had been cut through a hill, leaving steep banks on either side, and at the time a fog prevailed which caused the highway to be wet and slippery. The appellant testified that he was driving at the rate of twenty-five miles per hour, but other witnesses said he was traveling at a speed as high as forty-five miles per hour. The respondent Robert E. Mathews testified that he had been driving the car at a rate of about twenty-five miles per hour prior to the accident, but had reduced his speed to five miles per hour just immediately before, when he had heard the approach of appellant's machine. The highway at the point of collision was sixteen feet wide with crushed granite shoulders on either side from four to six feet wide.

The question of negligence, so far as the contentions of the parties are concerned, would be easy of solution if we knew for a certainty which one of them was driving on his own or right side of the road. The respondents based their case upon the claim that appellant was driving upon his left, or the north side of the road, while the appellant asserted, in his effort to support his cross-complaint and his plea of contributory negligence, that respondent Robert E. Mathews was driving at an excessive rate of speed on his left, or the south side of the road. The evidence was conflicting and of such a character as to support a verdict for the appellant as well as those for the respondents.

The principal attack against the judgments is directed against the instructions and particularly number 12 thereof, which reads as follows:

"I further instruct you that the word 'negligence' does not mean an act or thing that can be measured according to a precise standard.

"It is always relative to particular circumstances. It may consist in originating a cause of injury or in failing to control the same when possible. It imports an omission or disregard of some duty and is opposed to diligence or carefulness. It has been clearly defined as an omission to do something which a reasonable man or woman, guided by those circumstances which ordinarily regulate the conduct of human affairs, would do or in doing something which a reasonable or prudent man or woman would not do. Such being the meaning attached by the courts to this word and in view of the fact that each of the parties to this action charges the other with negligence it will be your duty to carefully consider all the evidence in the case and determine whose act it was that directly caused the collision, and if you find that the collision would have been avoided if the defendant had acted in a prudent and careful manner, or if you find that the plaintiff was driving on his right side of the highway and in a careful manner and as a reasonable and prudent man would drive then and in that event you will find a verdict for the plaintiff."

It is asserted that the given instruction was not only erroneous for the reason that it was a formula instruction which omitted the element of contributory negligence, but also that it contained the following internal errors: (1) it imposed upon appellant the duty to control the cause of injury if possible and not merely to control it "where there is opportunity in the exercise of reasonable care", and (2) advised the jury to determine whose act it was that directly caused the collision, instead of using the term "proximately". It must be immediately confessed that the instruction is not a model of excellence. But the question with which we are concerned is whether, in view of all the instructions given, the jury as reasonable men and women might have been misled so as to apply an incorrect rule of law. Turning then to the query as to whether they could have understood that appellant was required to avoid the accident if possible, it is first to be noted that the language assailed is shortly followed by a correct statement of law to the effect that negligence consists in

doing something which a reasonable man or woman in the exercise of ordinary care would not do, or failing to do something which, guided by like caution, he or she would do. In other words, the true intent of and a proper limitation was imposed upon or annexed to the words "when possible". Furthermore, instruction No. 13 was to like effect, advising the jury that ordinary care and caution was to be measured by that degree of care and caution customarily used by a person of ordinary prudence, and in another instruction the court informed the jury that it was just as much the duty of the driver of the car in which respondents were riding to use care and caution for his own and the safety of those with him as it was the duty of the appellant to use like care in the operation of his car. In view of these instructions and others which touch upon the subject it is difficult to believe that the jury thought that appellant was under any obligation other than to employ ordinary care in the operation of his machine.

What has already been said has a bearing upon the second claim, to wit: that the court incorrectly advised the jury to determine "whose act it was that directly caused the collision". In addition, the jury was told in another instruction that if the plaintiffs were negligent and that negligence "proximately contributed in any degree in producing the accident and injury, if any, then in no event can the plaintiffs recover from the defendant W. P. Read". It is true that in an instruction proposed by plaintiffs and given by the trial judge upon the subject of burden of proof it was announced that it was incumbent on the defendant to show, or it must appear from the evidence adduced by the plaintiffs, that negligence on the part of plaintiffs, if any, "contributed directly and proximately to the accident", and that it was not necessary for the plaintiffs to establish as a prerequisite to their recovery their own freedom from fault. However, in construing the instructions together, in order to determine whether the jury was misled, we find discussed in *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393], the slight distinction between the words "directly" and "proximately". It is there said: "The court throughout the instructions on the subject used the phrase 'direct and proximate cause' in describing the necessary relation between the

negligence proven and the injury. This occurs in the instruction regarding the negligence of the defendant, as well as in that regarding the contributory neligence of the plaintiff. While it may be that the word 'directly' in that connection, if taken in some of its meanings, may not accurately describe the idea that the negligence charged and proven must be the proximate cause of the accident, and that it might be advisable, for that reason, not to use it, yet it has a meaning in strict harmony with the word 'proximately'. The word 'proximately' is defined as 'that which in ordinary natural sequence produces a specific result, no independent disturbing agency intervening'. The word 'directly' is defined as follows: 'in a direct way, without anything intervening, not by secondary but by direct means'. (Webster's Dictionary.) The respective definitions are almost identical and it is not reasonable to suppose that the jury would perceive the difference, when used in the connection in which they appear in the instruction. There is nothing in the character of the evidence which indicates that the jury had any difficulty in the matter.'' When we consider the language of this court used upon a former occasion, and the instructions as a whole, we are compelled to the conclusion that the jury was not confused nor misled. We do not want to be understood as approving the use of the word ''direct'' in the place of ''proximate'', but simply that in view of all the instructions and the slight difference in meaning, the jury in the instant case could not have been misled.

■ The question still remains whether the instruction under attack was a formula instruction which omitted the element of contributory negligence. As already indicated, the sole claim of appellant was that plaintiffs' car was being driven on the south or left-hand side of the road. We have carefully read the entire evidence adduced by defendant and can find no other suggestion of negligence on the part of plaintiffs. Undoubtedly the instruction should have contained a statement to the effect ''and if you find that the plaintiff was free from contributory negligence'' instead of ''if you find that the plaintiff was driving on his right side of the highway and in a careful manner and as a reasonable and prudent man would drive.'' Also, the disjunctive ''or'' should not have been used. But, again, we come to the

practical question of whether, as given, the instruction was misleading. If, in fact, the jury believed that the plaintiffs' automobile was being driven on the right side of the road, there was no evidence from which they could conclude that there was any contributory negligence. The clause, therefore, is in effect the equivalent of saying "if you find plaintiff was not guilty of contributory negligence". Furthermore, it is not possible for us to believe, in view of all the other instructions, that the word "or" led the jury to understand that they should return a verdict for the plaintiffs in the absence of negligence on the part of defendant proximately contributing to their injuries.

The trial judge gave an instruction upon the subject of compensatory damages, which in its body and when read as a whole correctly instructed the jury with respect thereto. Appellant has selected some cautionary words from the context and endeavored to predicate error thereupon. It is unnecessary to comment further upon this assignment of error.

Nor do we feel called upon to discuss the instruction which told the jury that the negligence of Robert E. Mathews or of Bertha L. Ward could not be imputed to Leontine Mathews. It is apparent that the jury did not believe that either of them was guilty of any negligence—hence there was none to impute.

Complaint is made of the introduction of expert testimony concerning the possibility of tuberculosis resulting from a severe blow just below the left chest followed by a bruised spot, and a condition of pleurisy, where the evidence disclosed the blow and a subsequent case of tuberculosis developing in both lungs. Outside of the weakness inherent in the testimony, because it was confined to a possibility instead of a probability, we see nothing of which appellant may justly complain.

It is also contended by appellant that the court erred in telling the defendant when he was on the stand, testifying under section 2055 of the Code of Civil Procedure, not to evade the question, and striking out the answer previously given. We have examined the record and find that the trial court was well within its discretion in admonishing him.

Nor do we discover anything which convinces us that the trial court abused its discretion in denying a new trial

upon affidavits of newly discovered evidence which was cumulative and impeaching.

The claim that the damages were excessive is supported by neither substantial argument nor citation of authority. Hence we are under no compulsion to make further examination of the point.

The judgments are affirmed.

Seawell, J., Shenk, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.