[Civ. No. 8811. First Appellate District, Division One.—October 11, 1933.]

MICHAEL J. SHANNON, Appellant, v. MT. EDEN NURSERY COMPANY, INC. (a Corporation), et al., Respondents.

Jesse Nichols and D. W. Brobst for Appellant.

Ernest T. Hall, Bronson, Bronson & Slaven, Lynn W. Culp, Sr., and Crozier C. Culp for Respondents.

THE COURT.—Action for personal injuries and damage to an automobile, arising out of a collision at a street intersection. Trial was had before a jury, which resulted in a verdict in favor of the defendants. Motion for a new trial was made and denied. From the judgment and order plaintiff has appealed.

Appellant bases his appeal upon two contentions: First, that counsel for defendant Haiden Auto Rental Service, Ltd., hereinafter designated as the Haiden company, made certain remarks to the jury which it is claimed constituted misconduct; second, insufficiency of the evidence to warrant the verdict. Appellant does not seriously urge the point that there is insufficient evidence in the record to support the verdict, his claim being that such evidence being weak, the claimed misconduct might have been and in all probability was largely, if not absolutely, responsible for the verdict rendered, for which reason the error complained of warrants a reversal of the judgment even though the misconduct alone would not compel a reversal.

It may be said at the outset that in our opinion the evidence going in support of the verdict is not weak. The record shows a substantial conflict on material matters incumbent on the plaintiff to prove, and there was also substantial evidence adduced by the defendants which, if believed by the jury, prevented plaintiff's recovery. Appellant's contention that the evidence is weak is based upon the fact that a greater number of witnesses testified in support of his allegations. The settled and generally understood rule stated in the Code of Civil Procedure, section 2061, subdivision 5, which directs that when the evidence in a civil case is contradictory the decision must be made upon its preponderance, contemplates that the jury will be controlled by the weight of the evidence, as indicated by the apparent credibility of the witnesses, rather than by their mere numerical preponderance. Witnesses are not counted, but rather their testimony is weighed. By section 2061, subdivision 2, juries are instructed that they are not bound to decide in conformity with the declarations of any number of witnesses, which do not produce conviction in their minds, against a less number. (10 Cal. Jur., p. 1141, sec. 361.) As there was a substantial conflict, the verdict of the jury is conclusive upon the issue of the sufficiency of the evidence.

With reference to the question of negligence, two factors were involved: the speed of each vehicle as it entered the intersection, and which vehicle entered the intersection first. The evidence upon these questions was as follows: Plaintiff was riding in his own car, which was being driven by his

son in a westerly direction on Fourteenth Street in the city of Oakland. Defendant Yoshio was driving a motor-truck in a generally southerly direction along Madison Street. The place of the accident was the intersection of these streets. The truck was owned by the defendant Haiden company and had been rented from it by the defendant Yoshio. The complaint alleged that the latter defendant was operating the truck as an agent of, and within the scope and course of his employment with, defendant Mt. Eden Nursery Company in delivering flowers to retail dealers in Oakland. It developed that defendant Yoshio had hired a truck from the Mt. Eden Nursery Company, for the use of which he was to make deliveries for such company of ten baskets of flowers, if required, which service was the agreed rental value of the truck. Yoshio was to keep the truck in repair at his own expense. On the day the collision involved occurred, the hired truck was out of repair and Yoshi hired another truck from defendant Haiden company with which to make deliveries, and it was this latter truck that was involved in the collision when defendant Yoshio was making deliveries of flowers for five different nurseries, including defendant Mt. Eden Nursery Company. All of the defendants denied the alleged negligence of defendant Yoshio as being the proximate cause of the injury and damage, and set up that the negligence of the driver of plaintiff's car was the sole cause of the accident, and contributory negligence was also alleged. Mt. Eden Nursery Company denied the agency of Yoshio.

The plaintiff called five witnesses, who testified that they had observed the collision. Of these witnesses one was the plaintiff himself, and another his son. The others were a police officer who testified he was standing near the curb, and two persons who were occupants of other moving vehicles. There was a definite conflict between the various witnesses as to the speed of the two automobiles upon entering the intersection, and upon the question as to which entered the intersection first. Defendant Yoshio testified that he entered first at a certain speed. The witnesses for plaintiff testified to the opposite effect, but upon cross-examination the testimony of plaintiff's witness, the police officer, showed that Yoshio had the right of way. As we have hereinabove stated, the evidence upon the question of

negligence is conflicting, but it is amply sufficient to support the verdict in favor of all the defendants.

The alleged misconduct of counsel for defendant Haiden company arose as follows: Plaintiff was a police officer, and upon his cross-examination by counsel for defendant Yoshio he was asked whether or not he had received full pay for lost time due to the accident. The question was objected to as not being cross-examination, and for the further reason that no relief was prayed for in this connection. The objection was sustained, whereupon counsel for plaintiff made a statement to the effect that he did not want to conceal anything; that the city of Oakland had a pension fund out of which it paid officers during the time they might be disabled; that during the time plaintiff was away from work due to the accident he had received what would have been his regular pay if he had been at work. Counsel for plaintiff then agreed to stipulate that this statement was correct. Opposing counsel then stated that he would assume such fact to be correct. In his argument to the jury, counsel for defendant Haiden company stated in effect that plaintiff was not damaged, as he had passed the age limit and was subject to a pension, and could quit his position as a police officer without any loss. Plaintiff objected to the statement, assigned the same as misconduct, and asked that the jury be admonished to disregard it. The trial judge was of the opinion that the statement of plaintiff's counsel concerning the matter, made during the course of the trial as above indicated, justified the argument, but he nevertheless admonished the jury to disregard the statement, and in his instructions to the jury at the close of the case he again instructed it to distinguish between the facts testified to by the witnesses and the statements made by the attorneys in their arguments, as to what facts had been proved. The jury was further instructed that if there was a variance between the two, in arriving at its verdict it could consider only the facts as testified to by the witnesses, or admitted facts, and that statements of counsel in their argument were not evidence in the case and should be given no weight whatsoever. Even conceding the remarks to have been error, it is manifest that the error was thoroughly cured by the instructions given during the course of the trial and at the conclusion of the evidence.

It is only in the most extreme cases where an instruction to the jury, if given, will not remove the effect of improper remarks. (*Tingley* v. *Times-Mirror Co.*, 151 Cal. 1 [89 Pac. 1097]; *Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 Pac. 393].) Moreover, the alleged misconduct related to the amount of damages only, and by its verdict the jury concluded that plaintiff was entitled to nothing, either for himself or for the damage to his automobile. Then again, a trial judge is in a better position than an appellate court to determine whether a verdict is probably due wholly or in part to misconduct of counsel, and his conclusion in the matter will not be disturbed unless, under all the circumstances, it is plainly wrong. The trial court passed upon the matter upon the motion for a new trial, and held the claimed error was not prejudicial. Counsel for appellant has cited us to several cases in support of the alleged misconduct as constituting reversible error. Nothing contained therein is opposed to the views herein expressed, and a review of the authorities would answer no useful purpose.

The judgment is affirmed.