[Civ. No. 2772.   Fourth Dist.   May 25, 1942.]

HARVEY ANDERSON, Respondent, v. PACIFIC TANK LINES, INC. (a Corporation) et al., Appellants.

Luce, Forward, Lee & Kunzel, Fred Kunzel and Herbert Kunzel for Appellants.

Harry P. Sweet and Joseph Brand Colton for Respondent.

MARKS, J.—This is an appeal from a judgment for damages resulting from a collision of motor vehicles on the highway leading from San Diego to Imperial Valley, and from an order denying a motion for judgment notwithstanding the verdict. The accident occurred at about 9:30 o'clock on the night of December 18, 1939.

Laurence Trevithick was the driver of a truck weighing, unloaded, more than 4,000 pounds to which was attached a trailer, both of which were loaded with oil at the time of the accident. When going up the La Posta Grade which, according to the evidence, was about 67 miles east of San Diego and about 17 miles west of Jacumba, a pinion shaft was stripped, stopping all forward movement of the vehicles which were then on their right half of the pavement. This happened at about 9 o'clock p. m. It being impossible to move the truck and trailer off the pavement, Trevithick, with the assistance of two other truck drivers who stopped to help him, blocked the wheels and placed two pot-type flares in front of the truck, and three electric flares to the rear of the trailer at distances respectively of about 3, 66 and 126 yards. In addition to these flares, two road lights on the front of the truck, which were covered with red cloth, were left burning, and also the amber and red clearance lights on both sides of both the truck and trailer and the two tail lights on both vehicles. There were also two reflectors on the rear of both the truck and the trailer. The road to the rear of the truck and trailer was straight and unobstructed for about 500 feet.

After the flares were placed Trevithick left as a passenger in one of the other trucks to go to Jacumba to telephone to his employer in Los Angeles for help. The stalled truck and trailer were left unattended.

At about 9:30 o'clock plaintiff was driving a truck easterly over the same highway. He crashed into the rear of the trailer and was injured. There were no illuminated flares to the rear of the trailer and there is evidence indicating that its tail lights were not illuminated. The clearance lights were illuminated. At least two of the electric flares which had been placed in the road to the rear of the trailer were found crushed. It is evident that some vehicle had been driven over them some time before the collision involved here.

Defendants argue that this evidence fails to show any negligence on their part and that their motions for nonsuit and for judgment notwithstanding the verdict should have been granted.

Section 590 of the Vehicle Code provides that when vehicles, such as we have here, are disabled on a highway and cannot be removed, flares, red lanterns or warning lights or reflectors shall be placed on the roadway both in front of and to the rear of the vehicle and that "the warning signals herein mentioned shall be displayed continuously during the times mentioned in section 618 while such vehicle remains disabled upon the highway."

The quoted portion of the section is clear and unambiguous and does not permit of judicial interpretation. It places on the operator of the stalled vehicle the duty not only of placing the warning signals out on the highway but of keeping them illuminated during the hours of darkness. As defendants did not perform the duty clearly imposed upon them by law the implied finding of the jury that they were guilty of negligence finds ample support in the record. There was no error in denying the motions for nonsuit and for judgment notwithstanding the verdict.

Defendants rely upon the cases of *Berkovitz* v. *American River Gravel Co.*, 191 Cal. 195 [215 Pac. 675]; *Yates* v. *Brazelton*, 108 Cal. App. 533 [291 Pac. 695]; *Lockie* v. *Pence*, 5 Cal. App. (2d) 172 [42 P. (2d) 340]; *Nelson* v. *Signal Oil & Gas Co.*, 10 Cal. App. (2d) 448 [51 P. (2d) 885], and *Butcher* v. *Thornhill*, 14 Cal. App. (2d) 149 [58 P. (2d) 179], as, by analogy, supporting the argument that as the flares had been placed to the rear of the trailer defendants had performed the duty required of them by law and could not be held to be negligent because the flares had been extinguished by some motorist having driven over them.

Each of the foregoing cases involved the question of negligence because a tail light on a vehicle which had once been

lighted became extinguished without the knowledge of the driver. The rule announced in *Berkovitz* v. *American River Gravel Co., supra,* has been applied in subsequent cases. The Supreme Court there said:

"The tail light, however, is not in the immediate view of the driver, whose attention is ordinarily directed ahead, and it cannot be the intention of the law that a watchman must be maintained over the rear light to observe whether it is constantly burning. It is well known that with the best of care coal-oil lights, as well as electric lights, sometimes go out. If one drives a motor vehicle in the night-time when he knows, or in the exercise of ordinary care ought to know, that the tail light is not burning, he is guilty of negligence. While ignorance of the law is no excuse, ignorance of the fact, where ordinary care has been exercised, is a sufficient excuse. Violation of an ordinance 'is presumptively an act of negligence and conclusively so until rebutted by evidence that it was justifiable or excusable under the circumstances.' (*Mora* v. *Favilla,* 186 Cal. 199 [199 Pac. 17]; *Harris* v. *Johnson,* 174 Cal. 55, 58 [161 Pac. 1155, Ann. Cas. 1918E, 560, L. R. A. 1917C, 477]; *Gooding* v. *Chutes Co.,* 155 Cal. 620 [18 Ann. Cas. 671, 23 L. R. A. (N. S.) 1071, 102 Pac. 819]; *Cragg* v. *Los Angeles Trust Co.,* 154 Cal. 660, 667 [16 Ann. Cas. 1061, 98 Pac. 1063]; *Baddeley* v. *Shea,* 114 Cal. 6 [55 Am. St. Rep. 56, 33 L. R. A. 747, 45 Pac. 990].)"

The tail light cases are to be distinguished from the instant case by the difference in the statute regulating tail lights and that regulating the placing and maintaining of flares. (See, §§ 615, 618 and 590, Vehicle Code.) The latter section imposes the duty on the driver of the stalled truck not only to place the flares but to display them continuously during the required times. The law governing tail lights does not contain the second positive mandate. In the tail light cases negligence is predicated on the question of the use of due care to see that they are illuminated. They are based on common law negligence of failure to use due care rather than on negligence *per se* based on the failure to obey the positive mandate of a statute. In the instant case the statute places the positive duty on the operator to see that the flares remain illuminated after they are placed on the road. A breach of that duty is negligence *per se* which may support a judgment if it is a proximate cause of a collision and the injured party is free from contributory negligence.

█ Defendants argue that the flares were extinguished by having been run over by some unknown motorist; that this was an independent intervening act of negligence by a third party which was the proximate cause of the accident instead of the negligence of defendants. (*Stasulat* v. *Pacific Gas & Electric Co.*, 8 Cal. (2d) 631 [67 P. (2d) 678].)

We cannot agree with this argument. This negligence of a third party, if any, might make him liable to plaintiff for resulting damages, but would not relieve defendants from the duty imposed upon them by law of keeping the flares burning during the hours of darkness while the truck and trailer remained on the highway. *Stasulat* v. *Pacific Gas & Electric Co., supra,* does not conflict with this conclusion.

█ The trial judge instructed the jury on the provisions of section 590 and subdivision *a* of section 618 of the Vehicle Code. He concluded this instruction as follows:

"I instruct you that the violation of Section 590 is a violation of a rule of positive law and is negligence in itself. So if you find by a fair preponderance of the evidence that defendant, Laurence Trevithick, the agent of defendant, Pacific Tank Lines, Inc., failed to display continuously the warnings required by section 590, and that such violation was proximately the cause of the accident and of the injuries and damages, if any, complained of by plaintiff, then your verdict should be for the plaintiff and against the defendants."

This instruction omitted the question of plaintiff's contributory negligence and to that extent was erroneous. However, the jury was elsewhere clearly instructed on contributory negligence and that plaintiff could not recover if he had been guilty of contributory negligence.

In the case of *Ward* v. *Read,* 219 Cal. 65 [25 P. (2d) 821], the Supreme Court had before it for consideration an instruction which concluded as follows, "or if you find that the plaintiff was driving on his right side of the highway and in a careful manner and as a reasonable and prudent man would drive then and in that event you will find a verdict for the plaintiff."

When the Ward case was before this court we reached the conclusion that the instruction was prejudically erroneous. (*Ward* v. *Read,* (Cal. App.) 16 P. (2d) 799.) The Supreme Court granted a hearing and affirmed the judgment. It held that all instructions must be considered together; that there were ample correct instructions on negligence, contributory negligence and proximate cause; that the jury could not have

been misled by the admittedly erroneous instruction from which we have quoted. Upon the authority of Ward v. Read, supra, and for the reasons there given we cannot regard the erroneous quoted instruction given in the instant case as so prejudicial as to require a reversal of the judgment. Defendants cite the later case of Spear v. Leuenberger, 44 Cal. App. (2d) 236 [112 P. (2d) 43], which holds that it is reversible error to give a formula instruction which omits one element necessary to a consideration of the case. However, we consider ourselves bound by the decision of the Supreme Court on this question.

■ Defendants urge that the trial court should have granted their motion for new trial because of misconduct on the part of a juror in inspecting plaintiff's truck during the progress of the trial to inform himself as to the truth of certain conflicting evidence as to the condition of its brakes. It was stipulated that the jurors "might view plaintiff's truck." The trial court did not act on the stipulation. The fact that a juror had inspected the truck came to the notice of counsel for defendants about twenty minutes after the case had been submitted to the jury. There is no showing of what information, if any, the juror obtained, or what effect, if any, the inspection of the truck had upon his verdict.

It is established that where misconduct of a juror is urged, prejudice from that misconduct must be shown. (Wilson v. California Cab Co., 125 Cal. App. 383 [13 P. (2d) 758]; MacPherson v. West Coast Transit Co., 94 Cal. App. 463 [271 Pac. 509]; Zibbell v. Southern Pacific Co., 160 Cal. 237 [116 Pac. 513].) The record is barren of any showing of prejudice to defendants resulting from the misconduct of the juror. The record shows that eleven jurors voted for the verdict which was returned in favor of plaintiff, and one voted against it. It may be that the juror who inspected the truck was the one who voted against the return of the verdict. We cannot assume prejudice and in the absence of a showing of prejudice we cannot regard the misconduct of the juror as prejudicial.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied June 23, 1942, and appellants' petition for a hearing by the Supreme Court was denied July 23, 1942. Edmonds, J., voted for a hearing.