[S. F. No. 12228. Department One.—February 10, 1928.]

ALBERT DE LA TORRE, Appellant, v. W. P. JOHNSON et al., Respondents.

W. H. Metson and E. B. Mering for Appellant.

Pillsbury, Madison & Sutro, Goodfellow, Eells, Moore & Orrick, Walter H. Linforth, Edwin V. McKenzie and Hudson, Martin & Jorgensen for Respondents.

PRESTON, J.—This is an action for personal injuries. The court instructed a verdict for the defendant W. P. Johnson, and the jury, of its own accord, returned a verdict for the defendant George Smith. Defendant Johnson having died subsequent to the trial, the action has abated as to him (*De La Torre* v. *Johnson*, 200 Cal. 754 [254 Pac. 1105],

except perhaps for certain purposes which, in view of our conclusions, need not here be considered.

Plaintiff was operating a truck and defendant Smith was driving a Lincoln automobile owned by defendant Johnson at the time of collision between the two vehicles on Fremont Street in the city of Monterey, a street formerly part of the main highway leading from Del Monte to the town of Carmel. Plaintiff, driving said truck, came on to the highway from a private road or right of way and the collision occurred at the intersection of this private road with the said highway.

The evidence is in sharp conflict. As to defendant Smith, no point is made by either party respecting its sufficiency or insufficiency, and it will not be further noticed unless some part thereof be considered in passing upon the assignments of error.

Plaintiff registers his complaints under several heads, practically all of which are aimed at the instructions given by the court to the jury. His chief complaint, however, seems to be that the atmosphere of the courtroom was not proper, and that a long line of small abuses should be considered in the aggregate and, when so considered, warrant a reversal of the judgment. The record is made up under section 953a of the Code of Civil Procedure and is in poor condition for the examination of any questions of law. No supplement of any kind is printed and no evidence of any consequence appears in appellant's brief. However, we have examined carefully the several assignments of error and find each of them to be entirely without merit. We shall discuss a few of the more important of them in order that it may abundantly appear that no reversible error is present.

The court instructed the jury as follows: "You are instructed that it was the duty of the plaintiff Albert De La Torre before proceeding from the private road on to the highway, Fremont street, if you should find he did so proceed, to exercise that degree of care and diligence in so doing which an ordinarily prudent man would have exercised under the circumstances in which he then found himself, and failure on his part so to do would constitute negligence, which would bar any recovery by him in this action."

Respondent, however, sets forth that in connection with this instruction two other instructions were given, reading

as follows: "If you find from the evidence that the plaintiff, Albert De La Torre, was guilty of contributory negligence, and that such contributory negligence was a concurring and proximate cause of the accident, it does not matter how negligent the defendant may have been, for under such circumstances your verdict must be against the plaintiff, Albert De La Torre, and in favor of the defendant."

"If you find that the defendant was not negligent, or if you find that the defendant was negligent, but that the plaintiff, Albert De La Torre was also guilty of contributory negligence, which contributed to and was a proximate and concurring cause of the accident in question, then these instructions relating to damages should be ignored by you."

Relying upon the so-called "formula" rule discussed in such cases as *Starr* v. *Los Angeles Ry. Co.*, 187 Cal. 270 [201 Pac. 599], and coupling this doctrine with the pronouncements of this court in *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac. 1066], error is claimed because the instruction first quoted excluded from consideration the important fact that such contributory negligence must have contributed proximately to the accident in question. Admittedly, however, the court in other instructions amply covered this point, as above noted. We cannot declare said instruction to be a "formula" statement. It is not contradictory to all other instructions on the subject. It is at most incomplete and is not at hopeless variance with the rest of the charge of the court (*Robinet* v. *Hawk*, 200 Cal. 265 [252 Pac. 1045]; *Collom* v. *Bloch*, 70 Cal. App. 33, 40 [232 Pac. 486]). Furthermore, we agree with respondent that inasmuch as the evidence in the cause was all confined to the immediate happenings at the time of the collision between the two vehicles at an intersection, where defendant had the right of way, if any contributory negligence was there present it must of necessity have contributed proximately to plaintiff's injuries.

The court instructed the jury as follows: " . . . the burden of proof rests upon the plaintiff to establish to the satisfaction of the jury the facts necessary to entitle him to recover; and that the issues submitted to you are to be decided according to the preponderance of the evidence, and that your decision must be made according to the prepon-

derance of the evidence, and after fairly and impartially considering and weighing all the evidence in the case you are at liberty to decide that the preponderance of evidence is on the side which, in your better judgment, is sustained by the more intelligent and better informed, and the more credible and disinterested witnesses."

Appellant claims that by the words "satisfaction of the jury" a greater degree of proof was required by the court of the plaintiff than a "preponderance of the evidence," and in that behalf he cites the following cases: *People* v. *Miller*, 171 Cal. 649, 654 [154 Pac. 468]; *Mathes* v. *Aggeler etc. Co.*, 179 Cal. 697, 702 [178 Pac. 713]; *Estate of Ross*, 179 Cal. 629, 633 [178 Pac. 510]; *Campbell* v. *Bradbury*, 179 Cal. 364, 372 [176 Pac. 685]. But apparently the phrase was used by the court in a sense synonymous with the word "preponderance" and it is therefore unobjectionable (*Boa* v. *San Francisco etc. Co.*, 182 Cal. 93 [187 Pac. 2]; *Kruse* v. *White Bros.*, 81 Cal. App. 86 [253 Pac. 178]).

█ Complaint of instructions such as the one which forbade the jury to speculate as to the facts, or the one which announced the lawful rate of speed, when coupled with the further instruction that the driver of an automobile on a public highway in this state shall operate and drive the same in a careful and prudent manner and at a rate of speed not greater than is reasonable and proper with regard to the traffic and use of the highway, etc., cannot avail appellant, as the law upon these questions is well settled and in accord with the action of the trial court. Neither was there any error made by the court in declaring that as between the plaintiff and the defendant, under the evidence, defendant was entitled to the right of way (*Uhl* v. *Fertig*, 56 Cal. App. 718, 725 [206 Pac. 467]), █ nor can we predicate error upon the claim that preliminarily to the introduction of certain photographs offered by plaintiff the court was more exacting of him than of the defendant under similar circumstances where the ultimate fact appears that the photographs in both cases were admitted in evidence. █ Likewise, an instruction as to the medical expense, be it ever so erroneous, cannot avail appellant where the jury found against him upon the issue of negligence.

These views render it unnecessary to pass upon the question of the propriety of directing a verdict in favor of the deceased defendant, W. P. Johnson, for his alleged liability is predicated solely upon the doctrine of *respondeat superior*.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.

Hearing in Bank denied.

All the Justices concurred.