[L. A. No. 18276.   In Bank.   July 30, 1942.]

JOHN A. WESTOVER, Respondent, v. CITY OF LOS ANGELES (a Municipal Corporation), Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Leonard Husar, Victor P. Spero and Louis A. Babior, Deputies City Attorney, for Appellant.

Thomas R. Lynch and Irving E. Read for Respondent.

GIBSON, C. J.—The defendant city appeals from a judgment recovered by the plaintiff for injuries sustained by him while riding as a passenger in an automobile. The injuries were alleged to have resulted from the dangerous and defective condition of a public street. The action was brought under the 1923 Public Liability Act (Stats. 1923, p. 675, Deering's General Laws, Act 5619) which imposes liability upon cities for damages "resulting from the dangerous or defective condition of public streets . . . where the governing . . . board, officer or person having authority to remedy such condition had knowledge or notice of the defective or dangerous condition . . . and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition or failed and neglected for a reasonable time . . . to take such action as may be reasonably necessary to protect the public against such dangerous or defective condition."

When the accident occurred, between 4:30 and 5:00 p. m. on June 7, 1937, plaintiff was riding in the center of the rear seat of a 1936 De Soto sedan, which was proceeding in a southerly direction on Gaffey Street where it crosses 20th Street in the city of Los Angeles. Both streets were paved and

dry. Extending across Gaffey Street at approximately the north and south curb lines of 20th Street were two drainage gutters or dips in the pavement, from 6 to 8 inches in depth. Plaintiff was injured when thrown against the top of the automobile as it crossed these gutters or dips. The intersection in question was constructed and accepted by the city in 1923. A councilman from this particular district testified that prior to this accident his attention had been called to various complaints about the intersection in question, and that he had reported the matter to the office of the city engineer.

Plaintiff became unconscious after he struck the top of the car as it went through the second dip. He testified that prior to the accident he did not see any sign of the words "Slow—Dip" on the pavement. Other passengers fixed the car's speed at between 15 and 22 miles an hour, and they also did not observe any warning signs painted on the surface of the street. The driver of the car testified that he was proceeding south on the right side of Gaffey Street, that as he approached the intersection he was not conversing with anyone but was looking "straight ahead driving the car," and that he did not see any warning sign on the pavement or elsewhere as to the presence of dips in the intersection.

Defendant city contends that the trial court committed prejudicial error in certain of the instructions which it gave to the jury. ■ In this connection it should be remembered that the charge to the jury must be read in its entirety, each instruction being considered in connection with the others. If they harmonize as a whole and fairly and accurately state the law, a reversal may not be had because of verbal inaccuracies, or because a separate instruction does not contain all of the elements which are to be gathered from the instructions as a whole. (*Douglas* v. *Southern Pacific Co.*, 203 Cal. 390, 396 [264 Pac. 237]; *De La Torre* v. *Johnson*, 203 Cal. 374, 377 [264 Pac. 485].) ■ An examination of the charge given here does not reveal any prejudicial error requiring a reversal of the judgment. Some fifty-one instructions were given at the close of the trial, only two of which are singled out by the city for attack. Instruction No. 14 dealt in part with the negligence of the driver of the car, who is not a party to this action, and it reads as follows: "It was the duty of the defendant to exercise reasonable care and caution in locating its warning signs so as to give reasonable warning to the public regarding a condition existing in its streets. If

the warning in this case was so located that it was not readily discernible, or it was so distantly located that its relation to a condition away from it was misleading or that it called attention to only one dip whereas there were two dips, or that said warning was so obliterated by wear and other conditions that it could not be readily seen, or if seen, it was misleading to a person of ordinary prudence regarding a condition some distance ahead so that such person would not know and fully comprehend its meaning, then the court instructs you to find that Albert Small was not guilty of negligence.'' This instruction was erroneous because there are many other factors which the jury might have taken into consideration in determining whether or not the driver of the car was negligent. Defendant urges that this constitutes prejudicial error because its defense is based upon the theory that the negligence of the driver of the car, Albert Small, was the sole proximate cause of plaintiff's injuries.

Many other instructions were given, however, which clearly and correctly stated the rights and duties of both the driver of the car and the city. When the charge is read as a whole (and the jury was told that it should be so considered), it is apparent that the jury was properly instructed that its province was to determine from all the evidence whether the negligence of both the driver and the city contributed to the accident or whether the negligence of either was the sole proximate cause thereof. Assuming that the driver of the car was negligent, the defendant city could not escape liability if the jury found, as it did in this case, that defendant was negligent and that this negligence was a proximate cause of plaintiff's injuries. Under these circumstances, the error in the present instruction cannot be held prejudicial.

Nor do we think Instruction No. 30 was prejudicial, as urged by the city, because it assertedly failed to include all elements essential to its liability under the act. The instruction charged, among other things, that the jury must find ''that the defendant city of Los Angeles violated the provisions of the 1923 Public Liability Act'' which act in its entirety was read to the jury in the next succeeding instruction. Under the circumstances, it cannot be said that the trial court failed to include the element of necessary knowledge on the part of the city of the dangerous character of the condition which caused the injury, or any other essential element, since the act, which was read to the jury, specifically

required such knowledge and stated all other elements indispensable to municipal liability.

It is also contended that the city was prejudiced by so-called "pre-trial instructions" given by the court at the commencement of the trial. In response to a suggestion by counsel for plaintiff, the court stated that because of certain unusual features connected with the case, it felt that "clarification of the law in advance of hearing the evidence would be helpful to the jury." The city now contends that it was not proper for the court to instruct the jury on law prior to the trial of the case. In view of the fact that counsel for the city stated "the city . . . has no objection to your honor stating at the present time the law as to the case to be applied by the jury," the city is not now in position to challenge the propriety of giving such instructions. Nor do we find any error in the substance of these instructions. The court stated in general terms certain principles of law for the guidance of the jury, illustrating such principles with hypothetical examples, and inviting counsel to challenge any such examples if they were in disagreement therewith. It was pointed out that if negligence of the city was not established and the negligence of the driver of the car was shown to be the sole proximate cause of the accident "then the city is not responsible." The court further stated that "The city is liable where it violates the provisions of the 1923 Public Liability Act . . . in other words, in order to prove negligence as against the City you have got to prove everything which the Act says must be shown . . ." Other details of this preliminary statement to the jury need not be mentioned. Considered with the great number of detailed instructions given at the close of the case, it served only to guide the jury in the proper discharge of its functions as trier of the facts.

Defendant also contends that the trial court erred in denying its motion for a nonsuit and its motion for a directed verdict. These motions were predicated upon the theory that the sole proximate cause of the plaintiff's injuries was the negligence of the driver of the car. Liability may be imposed upon a defendant where his negligence is one of several contributing factors, each of which is a proximate cause of the injury. (See *Condon* v. *Ansaldi*, 203 Cal. 180, 183 [263 Pac. 198]; *Griffith* v. *Oak Ridge Oil Co.*, 190 Cal. 389, 392 [212 Pac. 913]; see, also, 19 Cal. Jur. 758.) The jury found not only that the defendant city was negligent but that its negli-

gence was a proximate cause of plaintiff's injury. Since there was ample evidence to support such a determination, the court did not err in denying the motions for a directed verdict and for a nonsuit.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., and Traynor, J., concurred.