[Civ. No. 3250.   Fourth Dist.   Sept. 22, 1944.]

C. L. WEAVER, Appellant, v. JOHN W. LANDIS, JR., Respondent.

Preston Turner for Appellant.

Head, Wellington & Jacobs and Forgy, Reinhaus & Forgy for Respondent.

MARKS, J.—This is an appeal from a judgment of $1,000 in favor of defendant and cross-complainant for damages suffered in a collision of automobiles which occurred on the afternoon of June 20, 1941, in the intersection of Santa Ana Avenue and Mesa Drive in Orange County, California.

Santa Ana Avenue runs in a general northerly and southerly direction and Mesa Drive in a general easterly and westerly direction. The streets intersect at right angles and each has a paved strip in its center about 18 feet wide with adjoining dirt shoulders. There were trees growing on land at the northwest corner of the intersection. Whether or not those trees sufficiently obstructed the view to make the intersection an obstructed one as defined in section 511 of the Vehicle Code, is open to debate under conflicting evidence on that question. If we understand counsel for plaintiff correctly, he has argued the case from the point of view of the intersection being an obstructed one, so we will assume that the jury so concluded from the evidence. In detailing the evidence

we will confine ourselves to that part of it tending to support the verdict and judgment.

Prior to the accident defendant was driving his 1941 Chevrolet automobile east on the south side of Mesa Drive at a speed of about 35 miles per hour. When about 100 to 150 yards west of the intersection he looked to the north and did not see any car on Santa Ana Avenue. He looked again when about 100 feet from the intersection and saw no car approaching. He reduced his speed to about 20 miles per hour and when about seven feet west of the intersection he saw plaintiff's car approaching on Santa Ana Avenue about three or four car lengths north of the intersection. (There is evidence that plaintiff's car was about 14 feet long so it probably was forty or more feet distant.) Defendant applied his brakes but could not stop his car in sufficient time to avoid a collision. His wheels left tire marks about three feet west of the point of impact.

There is a dip in Santa Ana Avenue about 150 yards north of the intersection.

Plaintiff was driving his 1934 Chevrolet sedan south in the center of Santa Ana Avenue at a speed of from 35 to 40 miles per hour, according to his testimony, which speed was continued up to the point of impact. He did not see defendant's car until about the time the two vehicles came together.

The point of impact was in the southeast quarter of the intersection, about three feet south of the center line of Mesa Drive and slightly east of the center line of Santa Ana Avenue. Defendant testified that plaintiff swerved his car to the east just before the impact. The right front of plaintiff's car and the left front of defendant's automobile came into contact. The right front wheel of plaintiff's car was broken off. The car swerved to its left and came to rest 63 feet southeast from the point of impact. Defendant's car turned to its right and came to rest 42 feet southerly from the point of collision. Both cars were badly damaged, both drivers were injured, and Mrs. Weaver, who was riding with plaintiff, died as a result of her injuries.

There is evidence of a physician who examined plaintiff a short time after the accident, and of a member of the highway patrol, that plaintiff was under the influence of intoxicating liquor at the time of the accident. While this is

hotly disputed by plaintiff, this evidence is sufficient to support the conclusion of the jury, if drawn, that plaintiff was driving his automobile while intoxicated at the time of the collision.

■ Plaintiff argues that the verdict and judgment are not supported by the evidence. There is little merit in this contention. The evidence supporting the judgment, and pointing to the negligence of plaintiff, which we must assume to be true shows (1) that plaintiff was driving while intoxicated; (2) that he was driving at a greater speed than prudence and care dictated under the circumstances; (3) that he did not observe the road in front of him nor the intersecting road. While the intersection may have been partially obstructed to a driver on Santa Ana Avenue, photographs in evidence, as well as testimony, show that a driver keeping a proper lookout could and should have seen the car approaching from the west on Mesa Drive at several places north of the intersection. In fact the evidence shows rather clearly that the view was entirely obstructed only at one point and there very briefly. Thus there is evidence supporting the implied finding of plaintiff's negligence.

It is further argued that defendant was guilty of approaching and entering an obstructed intersection at a speed of more than 15 miles per hour, and in failing to see plaintiff approaching the intersection from the north.

It is also urged that plaintiff entered the intersection first and had the right of way. The only direct evidence on this question is that of defendant which indicates that he entered the intersection first, and on the right of plaintiff who should have yielded the right of way, if defendant were free from negligence.

We may assume negligence on the part of both drivers and still not be able to reverse the judgment. ■ To make the plaintiff liable, his negligence must have been the proximate cause of the accident. To defeat defendant's cause of action, his negligence must have contributed proximately to it. ■ The question of the admitted negligence of a party proximately causing or proximately contributing to an accident is generally one of fact addressed to the trier of fact and not a question of law for the appellate court. (*Mahar* v. *MacKay*, 55 Cal.App.2d 869 [132 P.2d 42].) Under the facts

of this case we cannot disturb the implied finding of the jury on these issues of proximate and contributing causes. ■ To defeat a cause of action negligence must contribute proximately to an accident.

■ Plaintiff complains of instructions 34 and 35, given at the request of defendant, on the question of plaintiff's contributory negligence. In each instance the jury was instructed that if the negligence of plaintiff contributed to his injuries he could not recover. It is maintained that the instructions were prejudicially erroneous because they omitted the word "proximately" before or after the word "contributed." *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 P. 1066]; *Starr* v. *Los Angeles Ry. Corp.,* 187 Cal. 270 [201 P. 599]; *Roller* v. *Daleys, Inc.,* 219 Cal. 542 [28 P.2d 345]; and *Dowd* v. *Atlas Taxicab etc. Co.,* 69 Cal.App. 9 [230 P. 958], are cited in support of this argument. Elsewhere the trial judge instructed the jury on contributory negligence and several times informed it that the negligence of a party must contribute proximately to his injury in order to defeat his recovery. The instructions on proximate cause, and proximate contributory negligence, were full and complete except in the two under consideration and we cannot conclude that the jury was misled as the instructions must be considered as an entirety. (*Watkins* v. *Nutting,* 17 Cal.2d 490 [110 P.2d 384].) As was said in *Westover* v. *City of Los Angeles,* 20 Cal.2d 635 [128 P.2d 350]:

"Defendant city contends that the trial court committed prejudicial error in certain of the instructions which it gave to the jury. In this connection it should be remembered that the charge to the jury must be read in its entirety, each instruction being considered in connection with the others. If they harmonize as a whole and fairly and accurately state the law, a reversal may not be had because of verbal inaccuracies, or because a separate instruction does not contain all of the elements which are to be gathered from the instructions as a whole. (*Douglas* v. *Southern Pacific Co.,* 203 Cal. 390, 396 [264 P. 237]; *De La Torre* v. *Johnson,* 203 Cal. 374, 377 [264 P. 485].)"

■ Plaintiff complains of instruction number 18, given at the request of defendant, in which the jury was told that if it found that plaintiff was driving on his left-hand side

of the street he was negligent, and if it further found that "such conduct contributed directly or proximately . . . to the accident in question . . ." he could not recover. He argues that the instruction should have read that if "such conduct contributed directly and proximately" to the accident he could not recover.

In denying a hearing in *Dowd* v. *Atlas Taxicab etc. Co., supra,* the Supreme Court said that if negligence contributed proximately, if indirectly, to the happening of an accident the negligent party could not recover.

In *Hill* v. *Fresno County,* 140 Cal.App. 272 [35 P.2d 593], it was held that an instruction that any negligence of the plaintiff "which proximately and directly contributed" to the accident was erroneous.

In *Olsen* v. *Standard Oil Co.,* 188 Cal. 20 [204 P. 393], the trial court used the phrase "direct and proximate cause" in relation to both negligence and contributory negligence. It was there said:

"While it may be that the word 'directly,' in that connection, if taken in some of its meanings, may not accurately describe the idea that the negligence charged and proven must be the proximate cause of the accident, and that it might be advisable, for that reason, not to use it, yet it has a meaning in strict harmony with the word 'proximately.' The word 'proximately' is defined as 'that which in ordinary natural sequence produces a specific result, no independent disturbing agency intervening.' The word 'directly' is defined as follows: 'In a direct way, without anything intervening, not by secondary but by direct means.' (Webster's Dictionary.) The respective definitions are almost identical and it is not reasonable to suppose that the jury would perceive the difference, when used in the connection in which they appear in the instruction." (See, also, *Ward* v. *Read,* 219 Cal. 65 [25 P.2d 821], and *Peters* v. *United Studios, Inc.,* 98 Cal.App. 373 [277 P. 156].)

Certainly the instruction now under consideration could not be considered sufficiently erroneous to warrant a reversal of the judgment. If there was any error in it the use of the word "directly," under some of its definitions, was more favorable to the plaintiff than he was entitled to as it sometimes is given a more restricted meaning than "proximately."

Taken as a whole we find no prejudicial error in the instructions.

Plaintiff complains of a ruling by the trial court in sustaining an objection to a question which had as its purpose the impeachment of the physician who examined plaintiff after the accident. No similar question was asked the physician so no proper foundation was laid for his impeachment.

We have studied the entire record and can find no error sufficiently prejudicial to warrant a reversal of the judgment.

The judgment is affirmed.

Griffin, Acting P. J., concurred.

A petition for a rehearing was denied October 19, 1944, and appellant's petition for a hearing by the Supreme Court was denied November 16, 1944. Schauer, J., voted for a hearing.