[Civ. No. 14444. Second Dist., Div. Two. Nov. 22, 1944.]

PERINA DOMJANOV et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY, Respondent.

Arthur C. Webb for Appellants.

Frank Karr, C. W. Cornell, O. O. Collins and Malcolm Archbald for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before a jury in an action to recover damages for personal injuries received by plaintiff, Perina Domjanov, when she fell while crossing the railroad tracks of defendant, plaintiffs appeal.

The evidence being viewed in the light most favorable to defendant (respondent), the essential facts are:

Defendant owns a double track railroad running north and south between Los Angeles and San Pedro, passing several towns or stopping places along its route, among which is Compton Station. Trains going to San Pedro use the westerly set of tracks, hereinafter referred to as the south tracks, while trains destined to Los Angeles use the easterly set of tracks, hereinafter referred to as the north tracks.

The station grounds at Compton occupy a parcel of land approximately 130 feet from east to west, approximately 105 feet from north to south, bounded on the west by the southbound tracks, on the south by Main Street, on the east by a street which is the easterly roadway of Wilmington Street, and on the north by the north side of the depot approximately 105 feet north of the north curbing of Main Street.

The station building is L-shaped. The base of the "L" is used as a passenger waiting room. The south side of the waiting room is 15 feet north of the north curb of Main Street, the east side of the waiting room is 25 feet west of the west curb of the east roadway of Wilmington Street, the west side of the waiting room is 28 feet east of the easterly rail of the south tracks, and the north side of the waiting room is 68 feet from the north edge of the paved station grounds.

The grounds surrounding the station are paved smooth and level with the grade of the sidewalk on the north side of Main Street, and this sidewalk is extended across both tracks to the west roadway of Wilmington Street by pavement laid flush with the tops of the rails and at the same grade as the rest of the station area.

Passengers may enter the waiting room from the east roadway of Wilmington Street at the easterly end of the waiting room, from Main Street at the south side of the waiting room, and from the station grounds at the west end of the waiting room. North of the north sidewalk line of Main Street there was not any paving of the four-foot strip between the east edge of the west roadway of Wilmington Street and the west rail of the south tracks. The ties and T-rails being fully exposed throughout its entire length.

On the night of the accident, hereinafter described, the only illumination in this area was furnished by the light coming from inside the station, and a street light on the west side of

Wilmington Street about opposite the north end of the station building, all of which lights were dimmed.

On the evening of March 12, 1942, Mrs. Domjanov, one of the plaintiffs, alighted from her son-in-law's automobile on the west roadway on Wilmington Street, west of the railroad tracks at a point approximately 50 feet north of the macadam approach to the station located on the north side of Main Street. She crossed a portion of the north roadway of Wilmington Street to the unpaved portion of the right of way between the roadway and the west rail of the south tracks, and when attempting to step over the west rail into the unpaved space between the rails of the south tracks, she fell and received injuries.

Mrs. Domjanov admitted she knew:

(1) The area between the rails and the pavement of Wilmington Street was unpaved.

(2) That in crossing from Wilmington Street to go over the tracks it was rough north of the north side of Main Street, and also that the first rail was exposed to its full height above the ground.

(3) The area between the southbound tracks was uneven north of Main Street, and that the tracks were built the same when she fell as they had been on previous occasions when she had crossed them, and

(4) That if she crossed to the station at the sidewalk on the north side of Main Street it was smooth all the way across the tracks to the waiting room.

She also testified that several times before the accident she had crossed at the same place, and that it was so dark when she was crossing the tracks that she couldn't see where she was putting her feet and couldn't see where she was stepping.

Plaintiffs urge that the trial court committed prejudicial error in giving four instructions which will be quoted and discussed seriatim. These instructions are:

I

■ "You are instructed that if you find from the evidence that defendant knew or had reason to know that persons entered the station grounds by crossing the tracks in the manner plaintiff was doing at the time of her injury but that defendant had not extended any invitation to such persons or plaintiff to use that portion of the property in reaching the

station grounds, you are instructed that under such circum-stances plaintiff was known in law as a licensee, that is, one who goes upon premises of another by express or implied permission of the other but without invitation. Under such circumstances the rights and duties of the respective parties are as follows:

"When a licensee's presence on the premises of another is known to the owner of the property, or when the latter has good reason to expect the presence of a licensee, the owner of the property is bound to exercise ordinary care to avoid injuring the licensee by any overt act. By the expression 'overt act,' as here used, is meant some active negligence as distinguished, for instance, from a mere passive omission to alter some condition on the premises existent when the licensee entered. As to all such conditions, and as to the activities regularly carried on about the premises she enters, a licensee assumes the risks incident thereto, and the owner of the property is under no duty to change them in the interests of the licensee's safety."

Plaintiffs urge that as a matter of law defendant was negligent in not providing a light or other source of warning of the dangerous condition of defendant's right of way at the point where the accident occurred.

This objection is without merit. Plaintiffs asked and received an instruction relative to the extent of the invitation defendant had extended to its passengers. The determination of this question was purely a question of fact for the determination of the trier of fact. (*Bush* v. *Weed Lumber Co.,* 63 Cal.App. 426, 433 [218 P. 618].)

## II

■ "You are instructed that where a person has two avenues of approach, one safe and the other dangerous, and the dangerous one is selected by the party injured, then he cannot recover if the injury inflicted was due to the risk incident to the route selected. In such case a person assumes all risk of being injured."

Plaintiffs urge that the foregoing instruction was erroneously given because of the failure of the court to state that the danger was known or should have been known to the injured person.

This contention is likewise without merit.

Before giving the foregoing instruction the court instructed the jury thus:

"If in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me, and none must be inferred by you. For that reason, you are not to single out any certain sentence, or any individual point or instruction, and ignore the others, but you are to consider all the instructions and as a whole, and to regard each in the light of all the others."

It is likewise settled law of this state that if the instructions, read as a whole, justly and fairly instruct the jury upon the principles of law necessary for the determination of the case, it is not necessary that each instruction contain every applicable principle of law. (*Westover* v. *City of Los Angeles*, 20 Cal.2d 635, 637 [128 P.2d 350].)

In other instructions the trial court properly instructed the jury relative to the importance of plaintiff's knowledge of the danger or of facts which would have indicated to her that a dangerous condition existed.

### III

"If you find from the evidence that plaintiff at the time she attempted to take the way she did in reaching the station knew that it was dangerous or unsafe to attempt to pass over the tracks, or knew, or in the exercise of ordinary care had reason to know, and should have known that it was imprudent or dangerous for her to pass over the tracks and reach the station in the manner she attempted, and if you further find that there was at hand another safe and convenient way provided by defendant, which plaintiff knew about, or in the exercise of ordinary care should have seen and could have easily and readily taken in going to the station, and that nevertheless she attempted to pass over the dangerous route in preference to the safe one, then I instruct you that plaintiff was negligent, and if you find that such negligence proximately contributed to cause the injury plaintiff received she cannot recover and you must find in favor of defendant."

The foregoing instruction contained a correct statement of the principles of law embodied therein. (*Mora* v. *Favilla*, 186 Cal. 199, 204, et seq. [199 P. 17].)

Mrs. Domjanov testified that she knew that the course she had selected was rough, uneven and dangerous, and that she could have reached the station by way of the north side of Main Street on pavement which was perfectly smooth and

safe; hence, there is no merit in plaintiffs' contention that Mrs. Domjanov did not know the course she selected was dangerous.

## IV

■ "The true ground of liability in cases of this nature rests upon the owner's superior knowledge of the alleged dangerous condition over that of persons using the premises. Where such alleged dangerous condition would be obvious to a person exercising ordinary care for his own concern in using the premises, or where such condition is as well known to the injured person as to the owner of the premises, there is no liability."

The court did not err in giving the foregoing instruction. Such instruction contained a correct statement of principles of law. (*Shanley* v. *American Olive Co.*, 185 Cal. 552, 555 [197 P. 793]; *Crawford* v. *Pacific States S. & L. Co.*, 22 Cal. App.2d 448, 449 [71 P.2d 333].)

■ Plaintiffs also urge that the trial court erred in refusing to give the following instructions requested by them.

## I

"When the defendant carrier undertook to establish on its own property a station and station grounds at a point in question it became charged with the duty of providing such accommodations as would afford safety and protection for its passengers in the use thereof."

## II

"You are instructed that the word station would cover any place where trains usually and ordinarily stop, and the enclosure and adjoining area come within the meaning of a station."

It was not error for the court to refuse the foregoing instructions since the rules of law mentioned in the questioned instructions were fully covered in other instructions requested by plaintiffs and read to the jury by the trial judge.

For the foregoing reasons the judgment is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.