## PACIFIC PORTLAND CEMENT CO. v. BELLAMY.

No. 12482.

United States Court of Appeals
Ninth Circuit.

March 12, 1951.

Leighton M. Bledsoe and Dana, Bledsoe & Smith, all of San Francisco, Cal. (R. S. Cathcart, San Francisco, Cal., of counsel), for appellant.

702

Herbert O. Hepperle, San Francisco, Cal., for appellee.

Before STEPHENS, Circuit Judge, and BOWEN and LEMMON, District Judges.

BOWEN, District Judge.

On April 4, 1949, appellee was in the employ of Southern Pacific Company as a brakeman on a freight train which was switching cars on spur tracks in the San Francisco Bay community of Redwood City.

While the train was so engaged at a curve on a railroad spur track alongside a public highway which was laid out on a curve conforming with that of the spur track, appellee, in order to accommodate his passing of visual hand signals between the enginemen and the train-end brakemen, got down off the car next ahead of the engine, on which car he was riding, and, in a partly running side-stepping motion, with his back towards oncoming vehicular traffic on the highway traffic lane next to the spur track, moved diagonally out from the spur track into and across the adjacent highway traffic lane until he reached a point near the center of the highway where he collided with the right rear fender of appellant's pick-up truck.

Thereby appellee sustained personal injuries and damages for which, in the court below sitting with a jury, he sued his employer and the appellant owner of the pick-up truck. The jury found for the employer, but awarded to appellee against appellant the sum of $15,000, for which sum judgment was entered accordingly, and this appeal followed.

The principal errors assigned are that appellee was as a matter of law guilty of contributory negligence barring his recovery, and that the court erred in submitting the case to the jury upon the erroneous belief that the "Workmen in the Street" rule applies to the facts of this case.

We first consider the question whether the "Workmen in the Street" rule applies here, because, if it does, that might affect determination of the question of contributory negligence.

█ The "Workmen in the Street" rule is to the effect that, where a workman must necessarily remain physically in the street in the presence of moving traffic in order to accomplish his assigned work, " 'There can be and there is no duty imposed on (such) a workman to be constantly on the lookout for motor vehicles; on the contrary, it is the duty of drivers of vehicles to observe the street laborers and to avoid contact with them. It is not negligence as a matter of law for (such) a workman to keep his mind on his work or to fail to look and listen for approaching vehicles. He may properly assume that the automobilist will not be guilty of negligence in running him down without warning.' " Milton v. Los Angeles Motor Coach Co., 53 Cal.App.2d 566, 572, 128 P.2d 178, 181; State Compensation Ins. Fund v. Scamell, 73 Cal.App. 285, 238 P. 780, 781.

█ But that rule may not properly be extended to workmen who occasionally use the street in pursuance of their work, if they do so from choice and not from necessity, for example, a photographer in the street taking pictures of store window displays, as in Milton v. Los Angeles Motor Coach Co., supra; or, a truck driver standing in a hazardous position alongside a driveway loading his truck but not being required to remain in that particular place as a matter of duty, as in Carlsen v. Diehl, 57 Cal.App. 731, 208 P. 150; also, see Lewis v. Southern California Edison Co., 116 Cal. App. 44, 2 P.2d 419, 420.

█ Here, appellee's regular work was as a brakeman on the train. He doubtless sometimes stood, or moved about, on the railroad right of way. He had no regular duty calling for him to be on the highway in the line of moving traffic, and his doing so was the result of his own choice. He was in fact a trainman working on the railroad. He was not a workman in the street. As a railroad trainman he at the time of the accident was from his own uncontrolled choice making at most an occasional use of the highway to suit his own convenience rather than to effectuate a specific work plan imposed by his employer. The "Work-

men in the Street" rule does not apply to that situation, and it was reversible error for the trial court by its instructions to permit, as it did, the jury to find that such rule did so apply.

The result of this appeal must, however, rest upon determination of the question of contributory negligence.

The uncontradicted evidence establishes that from the time the appellee got down off the car he was riding on and proceeded into the highway until the collision occurred, he did not again look back in the direction of oncoming highway traffic to see if any vehicles were approaching him from the rear. The driver of appellant's pick-up truck swerved the truck to his left in an effort to avoid colliding with appellee as he was moving diagonally across the adjacent traffic lane with his back towards oncoming traffic.

 To the foregoing facts we think is clearly applicable the decision of the California Appellate Court in Domjanov v. Pacific Electric Ry. Co., 66 Cal.App.2d 928, 932, 153 P.2d 382, 384, wherein the Court approves a jury instruction in this language: " * * * where a person has two avenues of approach, one safe and the other dangerous, and the dangerous one is selected by the party injured, then he cannot recover if the injury inflicted was due to the risk incident to the route selected. In such case a person assumes all risk of being injured."

In another instruction (No. III) in the Domjanov case, supra, such conduct was referred to as negligence.

 Here, appellee left a place of safety on the spur track right of way and selected another obviously dangerous place from which to do his work of passing signals. He should have either remained on the spur track right of way or in a careful manner should have taken up his signal passing position off of and across the highway from the train.

There was no evidence nor reasonable inference from evidence that appellee could not, while exercising due and ordinary care for his own safety, have taken up a safe position off of and alongside the highway opposite the train for the purpose of passing signals between the trainmen then on the train. There is no proof that it was necessary for him to be on the highway for that or any other purpose connected with his work.

By reason of his disregard of his own safety in trying to perform his work while side-stepping and moving in a diagonal direction across the traffic lane with his back towards oncoming traffic, appellee was guilty of contributory negligence as a matter of law which bars his right of recovery in this case, and the trial court erred in not dismissing the case in accordance with appellant's request.

Other errors are assigned, but we do not reach them because the foregoing sufficiently disposes of the case.

It follows that the trial court's judgment in favor of appellee and against appellant must be reversed, with direction to that court to dismiss the action with prejudice.

So ordered.