[Civ. No. 4892.   Fourth Dist.   July 14, 1955.]

RUTH G. WILSON, Respondent, v. SAM ZEMEN et al., Appellants.

Higgs, Fletcher & Mack for Appellant Otis Elevator Co.

J. A. Donnelley and Richard P. MacNulty for Respondent.

MUSSELL, J.—This is an action for damages for personal injuries sustained by plaintiff on March 16, 1952, when an elevator in which she was riding as a passenger fell to the basement of the William Penn Hotel in San Diego. Defendants Sam Zemen, Max Zemen and Sophie Zemen, copartners, operated the hotel as lessees. Defendant William H. Dunn, individually and doing business as Pacific Elevator Company, serviced and inspected the elevator in said hotel from October, 1949, to and including the date of the accident. Otis Elevator Company installed new hoisting cables in the elevator and shackled or socketed them to the cab in October, 1946, and made periodic inspections, minor repairs and adjustments to the elevator until October, 1949, when its contract was terminated.

The trial court, after trial without a jury, entered judgment in favor of plaintiff and against the defendants Zemen, William Penn Hotel and the Otis Elevator Company for the sum of $17,500, and costs, and in favor of William H. Dunn, doing business as Pacific Elevator Company, and against plaintiff for costs. Defendant Otis Elevator Company appeals from the judgment. The defendants Zemen filed a notice of appeal herein on May 4, 1954. However, they have filed no brief herein and their appeal is therefore dismissed. (Rule 17(a), Rules on Appeal.)

At the time of the accident the elevator was operated by an employee of defendants Zemen and plaintiff was being taken from the lobby to the first floor, when the hoisting cables attached to the elevator cab failed and the elevator fell to the bottom of the shaft, seriously injuring the plaintiff. The extent of her injuries and the amount of the judgment are not in dispute. The principal question for our determination is whether there is substantial evidence to support the trial court's finding that: "In October, 1946, when Otis Elevator Company installed the cables and shackled or socketed them

to the cab of the elevator, the work done by said Otis Elevator Company was defectively and negligently done and was not in accord with sound engineering practices and principles; and that said negligence on the part of Otis Elevator Company was a proximate cause of the fall of the elevator and the resulting injury to plaintiff.''

The elevator was suspended from two hoisting cables which were shackled to the crosshead of the elevator. These shackles are applied by inserting the ends of the wire cables in bronzed thumbs or thimbles, separating the strands of the cables and turning them back in toward the cables and filling the thimbles with babbitt. In December, 1946, defendant Otis Elevator Company had installed new hoisting cables for the elevator involved and had shackled them to the cab. After the installation of these new cables in 1946 no new shackles were applied and it is these shackles which failed at the time of the accident. There is a sharp conflict in the testimony as to whether the work of shackling in 1946 was done in a workmanlike manner or was negligently done. However, where as here, the finding of the trial court in that connection is supported by substantial evidence, it will not be disturbed on appeal. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557].)

Mr. Otto Wartenweiler, vice-president and chief engineer of Smith-Emery Company, which maintains testing laboratories and does physical testing covering all the building materials and chemical testing on all industrial materials, testified that on or about April 4, 1952, pieces of the hoisting rope and the sockets attached to the ends and taken from the elevator involved were submitted to him for examination; that he examined the fractured ends of the ropes and the babbitt cores in the sockets; that in his opinion the condition of the fractured ends and the condition of the babbitt core with the strands exposed indicated there was insufficient contact and bond between the strands and the babbitt metal; that instead of having a 100 per cent bond or contact between the rope strands and the babbitt metal there was an estimated contact of around 25 per cent to 30 per cent; that approximately 75 per cent did not make contact; that the fact there was insufficient bond resulted in uneven distribution of the load which the ropes were supposed to carry; that it also resulted in movement between the core and the socket; that both factors tended to produce fatigue in the wires; that this condition was entirely due to the original

installation and that the original installation was not done in accordance with sound engineering practices; that he also observed that the core was loose in the socket, resulting in play or wear; that the failure of the cable was caused by the process of some of the strands being not firmly held in the babbitt, which placed so much strain on the other strands that some of them were pulled out or broken and that the imperfect condition of the babbitt core permitted movement of the individual strands which added to the fatigue of the strands themselves.

Parts of the hoisting cables showing the fractures and the sockets were before the court for examination of the witnesses and the court and were introduced in evidence. While there was testimony contrary to that of Mr. Wartenweiler, it merely created a conflict for the determination of the trial court. We conclude that there was sufficient evidence to support the quoted finding.

Appellant next contends that the fall of the elevator and the resulting injuries to plaintiff were due solely and proximately to the negligence of defendants Zemen, doing business as William Penn Hotel and of defendant William H. Dunn, doing business as Pacific Elevator Company.

The court found that the fall of the elevator was not caused by any work or repairs done or by any negligence on the part of William H. Dunn, doing business as Pacific Elevator Company, and this finding is supported by substantial evidence. The record shows that Dunn serviced the elevator from 1949 to the date of the accident. He greased and oiled it and made the necessary inspections and such repairs as were directed by the operators of the hotel. If in his inspection a repair was indicated it was discussed with the Zemens before the work was done. The failure of the cables and sockets was not caused by any work or repairs done by the Pacific Elevator Company. There was testimony to the effect that ordinary weekly inspections of the elevator and cables would not disclose the condition of the cables within the sockets and further testimony that the safety device was working properly when tested by Dunn. There has been no appeal from the judgment in favor of Dunn and appellant's contention that the accident was caused by his negligence cannot be sustained.

The court found that the defendants Zemen were negligent and careless in failing to cause the cables to be reshackled

between October, 1946, and the date of the accident and that the fall of the elevator, and the resulting injuries to plaintiff, were the proximate result of the combined negligence of Otis Elevator Company and Zemens, doing business as William Penn Hotel. There is no dispute here as to the finding of negligence on the part of the defendants Zemen but it is contended by appellant that the accident was due solely and proximately to their negligence and that of Dunn. The record indicates that if the shackles had been renewed prior to the accident, then the negligence of appellant would not have resulted in any injury to plaintiff. However, there was testimony to the effect that there was uncertainty as to just when the shackles should have been renewed and that in many cases shackles remained without renewal during the life of the cables to which they were attached. Appellant therefore should have anticipated the probability that considerable time might elapse before they were renewed and re-shackled. (*Mosley* v. *Arden Farms Co.*, 26 Cal.2d 213, 216 [157 P.2d 372, 158 A.L.R. 872].) In *Dahms* v. *General Elevator Co.*, 214 Cal. 733, 742 [7 P.2d 1013], the court instructed the jury as follows:

" 'If you find from the evidence that the defendant General Elevator Company did undertake to repair the elevator in the Wilson Building and certain machinery or appliances used in connection therewith, and if you further find that any such repairs were carelessly and/or negligently made so that said elevator was in an unsafe and dangerous condition for use on the 23rd day of April, 1927, and if you further find that said unsafe and/or dangerous condition, if any, was unknown to plaintiff Charles Dahms, and if you further find that any such unsafe or dangerous condition was the proximate cause of the alleged injuries to the plaintiff Charles Dahms, then I instruct you that your verdict must be against the General Elevator Company, a corporation, and in favor of the plaintiff, Charles Dahms.' "

Commenting on this instruction, the court said:

"The instruction is proper in all respects and contains all the elements necessary for a recovery by plaintiff. The instruction informed the jury that they must find that defendant negligently repaired the elevator and that such negligence proximately contributed to the injury before they could find for the plaintiff. These were the only two elements necessary under the reasoning above given."

In the instant case the finding that the negligent installa-

tion of the cables by appellant in 1946 proximately contributed to plaintiff's injuries is supported by the evidence, and as is said in *DeCorsey* v. *Purex Corp.*, 92 Cal.App.2d 669, 675, 676 [207 P.2d 616]:

"It is too well settled to admit of question that 'Liability may be imposed upon a defendant where his negligence is one of several contributing factors, each of which is a proximate cause of the injury.' (*Westover* v. *City of Los Angeles*, 20 Cal.2d 635 [128 P.2d 350].) Also that the question of proximate cause is ordinarily one of fact and that the determination of the issue by the jury will be upheld if it expresses a reasonable conclusion drawn from the evidence. (*Smith* v. *Schwartz*, 14 Cal.App.2d 160, 164 [57 P.2d 1386], and cases cited.)'' See also *McEvoy* v. *American Pool Corp.*, 32 Cal.2d 295, 298 [195 P.2d 783].

Appellant argues that the negligence of defendants Zemen and Dunn intervened and insulated the negligence, if any, of appellant Otis Elevator Company and in this connection cites *Stulte* v. *Beson Lbr. Co.*, 6 Cal.2d 688 [59 P.2d 100]. In that case plaintiff sued for personal injuries sustained when he fell from a collapsing scaffold on which he was working. A plank of lumber, cross-grained and so filled with knots as to be unsafe for the purpose, was used in the construction of the scaffolding and caused it to collapse. It was alleged that the defective plank was manufactured and sold to plaintiff's employers by the defendant Benson Lumber Company and that the unsafe and defective condition of the plank and its unsuitability for the purpose was known to the lumber company and to plaintiff's employers. The court held that the negligence of the Newbys was an intervening cause which served to break the chain of causation between the alleged negligence of defendant Benson Lumber Company and the injury suffered by plaintiff and that the demurrer of the lumber company to the complaint was properly sustained. The question of whether the defendants Newbys' acts in constructing the scaffold with the defective lumber had they been without knowledge of its defective condition would still have been an efficient intervening act of negligence was not decided. ▮ In the instant case appellant apparently contends that since there was testimony to the effect that elevator hoisting cables should be reshackled every two years and that defendants Zemen had failed to have this done, that their failure in this connection was an intervening cause excusing the original negligence,

if any, when the cables were installed in 1946. However, there is no evidence in the record that defendants Zemen knew or should have known that the reshackling of the cables in 1946 by appellant was negligently done. ██ If an injury is caused by the concurrent effect of two separate wrongful acts (as found by the court herein) each is a proximate cause of the injury and neither can operate as an efficient intervening cause with regard to the other, and neither party can escape liability so long as his own negligent act is one of the proximate causes of the injury. (*Fagan* v. *Union Pac. R. Co.*, 85 Cal.App.2d 583, 586 [193 P.2d 776].) In *Mosley* v. *Arden Farms Co., supra*, 216, it is held that "It is well settled that one test for determining the issue of negligence is whether a person of ordinary prudence should have foreseen or anticipated that someone might be injured by his action or nonaction." ██ In the instant case a reasonable inference is that appellant should have foreseen and anticipated that the cables installed by them might be used for several years without reshackling and that the cables as installed might not hold. Under these circumstances, even if we assume that there was some intervening agency in the chain of causation, such agency was not a superseding one exonerating the appellant. (*Mosley* v. *Arden Farms Co., supra*, 218; *McEvoy* v. *American Pool Corp., supra*, 298, 299.)

There was evidence that at the time of the accident herein the safety device on the elevator jammed and failed to function, breaking the safety cable. However, the trial court held that this failure of the safety device was not caused by the negligence of any of the parties to the action and the evidence supports this holding. The device was inspected from time to time and apparently was in good condition. The evidence also indicates that at the time of the accident one of these cables whipped sufficiently so that the safety device failed to operate and that this was a circumstance not reasonably to be anticipated.

The judgment is affirmed. The appeal of defendants Zemen is dismissed.

Barnard, P. J., and Griffin, J., concurred.