[Civ. No. 29216. First Dist., Div. Two. May 22, 1972.]

ROBERT ROBERTS, Plaintiff and Appellant, v.
ABRAHAM GUILLORY et al., Defendants and Respondents.

## COUNSEL

Detrixhe & Laughlin, R. Gordon Laughlin and Frederick J. Lower, Jr., for Plaintiff and Appellant.

Michael R. Sheehan and Bronson, Bronson & McKinnon for Defendants and Respondents.

## OPINION

**KANE, J.**—Plaintiff Robert Roberts appeals from a judgment entered on a jury verdict denying him recovery for personal injuries.

On May 16, 1966, the day of the accident, appellant, a truckdriver, was assigned to deliver and unload desks for the Department of Social Services at 1360 Mission Street, San Francisco. At this location Mission Street had three westbound lanes, two for traffic, one for parking and/or

loading. Appellant parked his vehicle in the loading zone with the wheels touching the curb.

During the unloading process appellant, who was inside the van, noticed that a passing vehicle caused the trailer to rock. Since appellant earlier in the day observed that the hook on the street side of the trailer was bent, the sudden rock of the trailer aroused his suspicion that the inside hook of the side door might also be faulty. Fearing that the door might come loose and swing out into the traffic, appellant decided to check the latch to make certain it was secure. In order to do so, he jumped down through the rear door onto the pavement. It was at this moment when appellant was hit by the dump truck driven by respondent.

■ Appellant contends that the trial court committed prejudicial error by refusing to give the following instruction (BAJI No. 3.40) to the jury: "When a person's lawful employment requires that *he work in a dangerous location or a place that involves unusual possibilities of injury,* or requires that in the line of his duty he take risks which ordinarily a reasonably prudent person would avoid, *the necessities of such a situation, insofar as they limit the caution that he can take for his own safety,* lessen the amount of caution required of him by law in the exercise of ordinary care." (Italics added.)

We hold that this instruction has no application to the facts of this case and accordingly affirm the judgment.

■ While it has long been established that where a workman *must necessarily remain physically in the street* amidst moving traffic in order to perform his duty, there is no duty imposed upon him to constantly look out for motor vehicles (*Austin* v. *Riverside Portland Cement Co.* (1955) 44 Cal.2d 225, 237-239 [282 P.2d 69]), it cannot be extended to workmen who occasionally use the street in pursuance of their work if they do so from choice and not from necessity (*Milton* v. *L. A. Motor Coach Co.* (1942) 53 Cal.App.2d 566, 573 [128 P.2d 178]), or to those *who are not forced to work or remain in a particular place as a matter of duty* (*Carlsen* v. *Diehl* (1922) 57 Cal.App. 731, 736-737 [208 P. 150]).

■ Acting from his own choice rather than necessity (*Jacobs* v. *Bozzani Motors, Ltd.* (1952) 109 Cal.App.2d 681 [241 P.2d 642]), appellant cannot avail himself of the beneficial rule set out for workmen who are physically confined to the street in performance of their duty and are forced to remain in a particular place. Even assuming that the inspection of the door latch was a reasonable necessity which flowed from appellant's job, it nonetheless appears that the timing and mode of inspection were

left entirely to appellant's free choice. Thus, appellant falls within the principle pronounced in *Pacific Portland Cement Co.* v. *Bellamy* (9th Cir. 1951) 187 F.2d 701, which states that " 'where a person has two avenues of approach, one safe and the other dangerous, and the dangerous one is selected by the party injured, then he cannot recover if the injury inflicted was due to the risk incident to the route selected. In such case a person assumes all risk of being injured' " (p. 703). The same principle was expressed in *Lewis* v. *Southern California Edison Co.* (1931) 116 Cal.App. 44, 54 [2 P.2d 419], where the court held that an instruction now embodied in BAJI No. 3.40 was improper where a swamper on a garbage truck had suddenly and without notice jumped from the left running-board of the truck onto the street in front of an approaching car.

To accept appellant's theory would be to impose a lower degree of care upon any workman injured upon a public highway simply because he was engaged in the scope of his employment; whereas another person—not so engaged—involved in the identical accident would be held to the general standard of care. The inequity of such a rule is obvious.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.